Gyang v State of New York (2024 NY Slip Op 50972(U))

[*1]

Gyang v State of New York

2024 NY Slip Op 50972(U)

Decided on July 8, 2024

Court Of Claims

Mejias-Glover, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 8, 2024
Court of Claims

Ibrahim Gyang, Claimant,

against
The State of New York, Defendant.

Claim No. 137616

FOR CLAIMANT:
Ibrahim Gyang, Pro Se
FOR DEFENDANT: 
Letitia James, Attorney General
By: Ray A. Kyles, Esq., Assistant Attorney General

Linda K. Mejias-Glover, J.

Claimant, Ibrahim Gyang, (hereinafter, the "Claimant"), moves by Notice of Motion dated March 2, 2024, seeking that the Court issue a subpoena to compel the testimony of Dr. Elsie Ross. Defendant has opposed the motion, and Claimant has replied thereto.
 Relevant Procedural Background
This claim arises from alleged medical malpractice by the Department of Corrections and Community Supervision (hereinafter "DOCCS"), while Claimant was housed at Auburn Correctional Facility (hereinafter, "Claim").

Relevant Legal Arguments
In support of his motion, Claimant argues that the testimony of Dr. Elsie Ross is "essential to the presentation of Claimant's claim" because she can offer an expert medical opinion on the treatment received by Claimant and the adequacy thereof, despite not having treated Claimant directly.
In opposition to the motion, Defendant argues that Claimant has failed to comply with CPLR 3101 (d) by failing to serve an expert disclosure for the expert witness he seeks to subpoena in support of the Claim. Defendant contends that insofar as Dr. Ross did not provide medical treatment or review Claimant's medical records, she, therefore, cannot provide relevant [*2]testimony even as a fact witness. Furthermore, Defendant asserts that a physician cannot be compelled to provide expert opinion testimony on the ultimate issue of fact in a case, such as whether or not the treatment rendered by DOCCS deviated from the applicable standard of care, unless the testimony is voluntary and subject to an expert witness fee.
Defendant argues that Claimant is responsible for the payment of required witness and mileage fees as mandated by CPLR 8001(a), and these fees must accompany the subpoena to ensure payment in advance of the trial. Lastly, the Defendant argues that Claimant has not served expert disclosures as required by CPLR 3101(d), which are necessary for presenting expert medical testimony at trial.
In reply, Claimant argues that Dr. Ross has reviewed Claimant's medical records as they pertain to the Claim. He further states that Dr. Ross herself suffers from sickle cell anemia, the disease in question, but she has also provided treatment to Claimant by providing medical advice. He further states that Dr. Ross is currently preparing an expert witness report which will detail her findings, which she will provide to the Court and to Defendant; and that she is willing to be deposed and testify as an expert at trial without seeking attendance or mileage fees from Claimant, which demonstrates her voluntary willingness to participate. Additionally, Claimant asserts that an expert disclosure has already been made through Exhibit 2 of the Claim, wherein Dr. Jenny Romero, another specialist, indicated that in the event of a severe crisis, Claimant should be sent to the emergency room of an outside hospital, which the State of New York failed to do.

Decision and Order
Pursuant to CPLR 2302 (b), "[a] subpoena to compel attendance of any person confined in a penitentiary or jail, shall be issued by the court." Here, Claimant has failed to demonstrate entitlement to the relief requested nor has Claimant provided the Court with any statutory authority pursuant to which the Court can grant his application. CPLR 2302 does not give this Court the requisite authority to issue a subpoena to compel the attendance of Dr. Ross at trial. If indeed Dr. Ross is willing to voluntarily testify at trial, Claimant must make arrangements with her before trial, including negotiation of any expert witness fee.
Accordingly, it is hereby
ORDERED, that Motion M-100624 is hereby DENIED. The Court advises the Claimant to submit proper expert disclosures in accordance with CPLR 3101(d) for future proceedings.
Dated: July 8, 2024
Hauppauge, New York
HON. LINDA K. MEJIAS-GLOVER,
Judge of the Court of Claims
Papers Read on this Motion:
1. Notice of Motion, Affidavit in Support.
2. Affirmation in Opposition to Claimant's Motion to Subpoena Expert Witness.
3. Reply to Defendant's Affirmation in Opposition.